# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Carolina Cargo, Inc. of Rock Hill, ) | Civil Action No. 0:15-cv-04629-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Transportation Personnel Services, Inc., ) | |
| PTO Services, Inc., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court pursuant to Defendants Transportation Personnel Services, Inc., and PTO Services, Inc.'s ("Defendants") Motion to Dismiss. (ECF No. 20.) Plaintiff Carolina Cargo, Inc. of Rock Hill ("Plaintiff") opposes Defendants' Motion to Dismiss. (ECF No. 23.) For the reasons set forth below, the court **GRANTS** in part Defendants' Motion to Dismiss as to Plaintiff's claims of fraud and unethical trade practices. The court **DENIES** in part Defendants' Motion to Dismiss as to Plaintiff's declaratory judgment claim.

## I. RELEVANT FACTUAL INFORMATION

On October 5, 2015, Plaintiff filed a Complaint for Declaratory Judgment in the Court of Common Pleas in York County, South Carolina. (ECF No. 1.) On November 11, 2015, Defendants filed a Notice of Removal asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy requirement is met. (*Id.*) On November 24, 2015, Defendants filed a Motion to Dismiss[1]. (ECF

---

[1] Plaintiff's Amended Complaint supersedes its original complaint such that Defendants' original Motion to Dismiss (ECF No. 5) is deemed moot. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (noting that an amended pleading supersedes the original "and renders it of no legal effect."). Additionally, Defendant has filed a subsequent Motion to Dismiss Amended Complaint (ECF No. 20), which is ultimately at issue here.

1

No. 5.) Thereafter, on December 11, 2015, Plaintiff filed a Motion to Amend its complaint, (ECF No. 8), which was granted by this court on July 1, 2016. (ECF No. 16.)

Plaintiff's Amended Complaint alleges that it entered into a service agreement with Defendants in March of 2013, which established a "Co-employment Relationship" between the parties. (ECF No. 18 at 3 ¶ 12.) Plaintiff further alleges that the Service Agreement constitutes a contract for the provision of "professional employer services" and Defendants were operating as a "professional employer organization" as defined by S.C. Code Ann. § 40-68-10 (2016). (*Id*. at 3 ¶ 16.) Plaintiff alleges that Defendants are not and have never been licensed by the South Carolina Department of Consumer Affairs to "engage in or offer professional employer services" in South Carolina, and as a result have not satisfied any of the statutorily mandated obligations necessary for licensure as a professional employer organization in South Carolina. (*Id.* at 4-5.) In count one of the Amended Complaint, Plaintiff seeks a declaratory judgment indicating that Defendants' failure to adhere to the licensing requirements means that the service agreement is an illegal contract and should be voided. (*Id.*)

In count two of the Amended Complaint, Plaintiff alleges that the Defendants engaged in fraud and misrepresentation. (ECF No. 18 at 5.) Plaintiff asserts that Defendants, by and through their officers, represented and held themselves out to Plaintiff prior to execution of the Service Agreement as being properly organized and licensed, and capable of entering into and performing the obligation of the Service Agreement in South Carolina. (ECF No. 18 at 5 ¶ 27.) Accordingly, Plaintiff requests actual, consequential, and punitive damages in an amount to be determined by the trier of fact. (ECF No. 18 at 6 ¶ 33.)

In count three of the Amended Complaint, Plaintiff alleges that the Defendants engaged in unfair trade practices. Plaintiff alleges that Defendants' actions in the conduct of their business,

which are capable of repetition and intended to be repeated, affect the public interest and are characterized both by unfairness and deception, and therefore constitute willful violations of South Carolina's Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10, 39-5-560 (2014). (ECF No. 18 at 6 ¶ 36.) Accordingly, Plaintiff seeks an award of actual, consequential, and special damages, as well as treble damages, attorney's fees and costs. (*Id.*)

On July 19, 2016, Defendants filed a Motion to Dismiss in response to Plaintiff's Amended Complaint. (ECF No. 20.) The court considers Defendants' arguments below.

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determined that those factual allegations can "plausibly give rise to an entitlement of relief," dismissal is not warranted. *Id*.

### B. Declaratory Judgment Standard

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (*quoting Pub. Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston,* 88 F.3d 255, 256 (4th Cir.1996) (*quoting Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)).

### III. ANALYSIS

**A. Declaratory Judgment**

*1. The Parties' Arguments*

Defendants generally argue that each of the claims contained in the Amended Complaint purportedly arise out of alleged violations of licensing statutes concerning professional employer organizations in South Carolina that do not provide for a private right of action, and, therefore, the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), or 12(c) for failure to state a claim upon which relief can be granted. (ECF No. 20 at 1.) Specifically, Defendants assert that under S.C. Code Ann. § 40-68-165 (2016), the power of enforcement of the licensing statutes by court action is given exhaustively to the South Carolina Department of Consumer Affairs and the South Carolina Attorney General, and as a result the Amended Complaint should be dismissed

under Fed. R. Civ. P. 17(b). (ECF No. 20-1 at 10.) Defendants additionally allege that they are not subject to the statutory licensing requirements because a license was not required for the services provided and the services provided were rendered outside of South Carolina. (*Id.* at 2.)

In response, Plaintiff contends in its request for Declaratory Judgment that the Service Agreement constitutes an illegal contract and its claim is not dependent upon a statutory private right of action, but actually arises from the long upheld common law. (ECF No. 23 at 3.) Plaintiff asserts that "a contract to do an act which is prohibited by statute, or which is contrary to public policy is void, and cannot be enforced in a court of justice". *McConnell v. Kitchens,* 20 S.C. 430, 437-38 (S.C. 1884). Specifically Plaintiff asserts that it is not seeking to "enforce the provisions" of the statute, but rather is seeking only a determination and declaration of the court that the Service Agreement constitutes an illegal contract and is, accordingly, void. (ECF No. 23 at 5.) Plaintiff subsequently asserts that due to this distinction, the fact that the right of enforcement is vested in the Department of Consumer Affairs is wholly irrelevant making Defendants' argument without merit. (*Id.*) Plaintiff asserts that the Service Agreement itself incorporated language directly from the statute in an effort to refute Defendants' arguments contending they are not bound by the professional employer licensing statutes. Additionally, Plaintiff contends that any argument that Defendants did not perform or offer to perform services in South Carolina is without merit. (*Id.* at 7-8.) Plaintiff alleges that Defendants undertook actions such as assigning employees to a South Carolina company, paying employee wages, and paying all federal and state payroll taxes, thus the services provided did occur within the state of South Carolina. (*Id.* at 8.)

    *2. The Court's Review*

Generally, a court cannot enforce a valid contract that is "made in derogation of statutes designed to protect the public." *Smithy Braedon Co. v. Hadid*, 825 F.2d 787, 790 (4th Cir. 1987).

The licensing statutes purported to govern Defendants' business were enacted for the "exclusive purpose of protecting the public interest." S.C. Code Ann. § 40-1-10(B) (2016). Plaintiff seeks a declaration from this court indicating that its contract with Defendants is unenforceable because they were not properly licensed, and as such, could not legally perform the duties agreed upon in the Service Agreement. The court finds that Plaintiff's Amended Complaint contains sufficient allegations to illustrate that Defendants may have entered into the Service Agreement without meeting the necessary licensing provisions provided under South Carolina law. Therefore, the court finds that Plaintiff has sufficiently stated a claim that would entitle it to declaratory relief if the Defendants entered into the Service Agreement without having legal authority to perform the services agreed to therein.

**B. Fraud/ Misrepresentation**

*1. The Parties' Arguments*

Defendants argue that Plaintiff's Amended Complaint fails to allege with particularity the facts and circumstances necessary to support a claim for fraud, and, as a result, the claim for fraud should be dismissed. (ECF No. 20-1 at 11.) Defendants additionally argue that Plaintiff has failed to illustrate specific factual information concerning the content or materiality of the alleged misrepresentation, the time, place, or manner in which it was communicated to Plaintiff, the person who made the representation or the person to whom it was made. (*Id.* at 12.)

In response, Plaintiff contends that Defendants seek to impose a greater duty of particularity than is required. (ECF No. 23 at 6.) Plaintiff further states that it engaged in multiple communications with various employees or agents of Defendants during the time period leading up to the execution of the Service Agreement, as Plaintiff has pled the same in its Amended Complaint. (*Id.* at 7.)

*2. The Court's Review*

Defendants assert that dismissal is warranted because Plaintiff's allegations of fraudulent conduct fail to satisfy the heightened pleading standard that requires the allegation of fraud to be stated with particularity pursuant to Fed. R. Civ. P. 9(b).

When a plaintiff alleges fraud, courts must apply a heightened pleading standard to those claims. Fed. R. Civ. P. 9(b). Rule 9(b) requires that, when "alleging fraud ... a party must state with particularity the circumstances constituting fraud." *Id.* The heightened pleading standard contained in Rule 9(b) requires plaintiffs to plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. " *Harrison v. Westinghouse Savannah River* Co., 176 F.3d 776, 784 (4th Cir. 1999) (*citation omitted*).  Plaintiff's Amended Complaint fails to state which agents of Defendants misrepresented Defendants' licensure status to Plaintiff, and fails to specifically state how the misrepresentation was made.  Accordingly, the court finds that Plaintiffs' allegations of fraud regarding inducement of the contractual Service Agreement fail to satisfy Plaintiff's burden under Fed. R. Civ. P. 9(b). Therefore, Plaintiffs' claim of fraud or misrepresentation must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C. SCUTPA Claim**

*1. The Parties' Arguments*

Defendants argue that Plaintiff's claim under the SCUTPA should be dismissed because it concerns actions or transactions permitted under laws administered by a state regulatory body which are exempt from the Act under S.C. Code Ann. § 39-5-40(a). (ECF No. 20-1 at 14.) Section 39-5-40(a) states "[n]othing in this article shall apply to: (a) Actions or transactions permitted

under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by another South Carolina State Law." (*Id.*) Defendants specifically assert that the licensing requirements governing professional employer organizations as related to the services provided by Defendants under the Service Agreement is under the authority of the Department of Consumer Affairs, thus the regulatory exemption set forth in the SCUTPA precludes Plaintiff's claim under the Act as a matter of law. (*Id*. at 15-16.)

In response, Plaintiff asserts that the language cited by Defendants under S.C. Code Ann § 39-5-40(a) is not applicable to the present matter. (ECF No. 23 at 7.) Plaintiff specifically states that its claims do not concern any action or transaction *permitted* by law or regulatory provision, rather its claims concern actions that are *prohibited* by law or regulatory provision. (*Id.*) Plaintiff argues that the plain language of section 39-5-40(a) is simply inapplicable to the present matter due to this distinction. (*Id*.)

*2. The Court's Review*

SCUTPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are ... unlawful." S.C. Code Ann. § 39–5–20 (2014). It also provides that "any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice ... may bring an action ... to recover actual damages." S.C. Code Ann. § 39–5–140(a) (2014). A plaintiff bringing a private cause of action under SCUTPA must allege and prove that the defendant's actions adversely affected the public interest. *Noack Enters. Inc. v. Country Corner Interiors, Inc.,* 351 S.E.2d 347, 349–50 (S.C. Ct. App. 1986). Conduct that affects only the parties to the transaction provides no basis for a SCUTPA claim. *Robertson v. First Union*

*Nat'l Bank,* 565 S.E.2d 309, 315 (S.C. Ct. App. 2002). "An impact on public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.,* 595 S.E.2d 461, 466 (S.C. 2004).

> "The potential for repetition may be shown in either two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts."

*Id.*

However, a plaintiff must use *specific facts* to show that members of the public were or were likely to be affected. *Jefferies v. Phillips,* 451 S.E.2d 21, 23 (S.C. Ct. App. 1994) (*emphasis added*). Absent specific facts, a plaintiff is merely offering a speculative claim about adverse public impact. *Id.* "In the course of human endeavor, every action has some potential for repetition. The mere proof that the actor is still alive and engaged in the same business is not sufficient to establish this element." *Id.* at 24.

Upon review, the court finds that the Amended Complaint does not establish a claim under SCUTPA. Plaintiff did not allege facts which suggest Defendants' actions have a potential to impact the public interest. Plaintiff failed to provide any specific facts that suggest that its experience is likely to be the experience of others. Moreover, Plaintiff has not established that the alleged conduct is standard business practice for Defendants.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 5) is **DENIED** as moot. Defendants' Motion to Dismiss Amended Complaint, (ECF No. 20), is **GRANTED** as to Plaintiff's claims of fraud and unethical trade practices—counts two and three of the Amended Complaint—and **DENIED** as to Plaintiff's declaratory judgment claim—count one of the Amended Complaint.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 29, 2016
Columbia, South Carolina